Manny A. Frade, Esq.
Adam P. Wald, Esq.
Meltzer, Lippe, Goldstein & Breitstone, LLP
*Attorneys for Plaintiff Certified Interiors, Inc.*
190 Willis Avenue
Mineola, New York 11501
Telephone: (516) 747-0300
Facsimile: (516) 747-0653
mfrade@meltzerlippe.com
awald@meltzerlippe.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CERTIFIED INTERIORS, INC.,                                     Civil Action No.

                            Plaintiff,                    **COMPLAINT**

                     -against-                    Jury Trial Demanded

ALSPEC INDUSTRIES LIMITED, INTERSPEC SYSTEMS LIMITED, and VDF VERTICAL,

                           Defendants.
------------------------------------------------------------------------X

Plaintiff Certified Interiors, Inc. ("Certified"), by and through its attorneys, Meltzer, Lippe, Goldstein & Breitstone, LLP, as and for its Complaint, sets forth the following:

## JURISDICTION

1. This Court has subject matter jurisdiction over the above-captioned action (the "Action") pursuant to 28 U.S.C § 1332(a)(1) because this is a civil action between citizens of different States and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs.

## VENUE

2. The venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to Certified's claims occurred, or a substantial part of property that is the subject of the Action is situated in this judicial district.

## PARTIES

3. Certified was at all relevant times hereto and is a corporation organized and existing under and by virtue of the laws of the State of New York with its place of business located at 25 Andrea Road, Holbrook, New York 11741.

4. Upon information and belief, defendant Alspec Industries Limited ("Alspec") is, and was at all times relevant hereto, a foreign corporation with its place of business located at 995841 Mono-Adjala Townline, RR1, Rosemont, Ontario, Canada L0N1R0 and/or 1-3510 Pharmacy Avenue, Toronto, Ontario, Canada M1W 2T7.

5. Upon information and belief, defendant Interspec Systems Limited ("Interspec") is, and was at all times relevant hereto, a foreign corporation with its place addresses at 995841 Mono-Adjala Townline, RR1, Rosemont, Ontario, Canada L0N1R0 and/or 1-3510 Pharmacy Avenue, Toronto, Ontario, Canada M1W 2T7.

6. Upon information and belief, defendant VDF Vertical is, and was at all times relevant hereto a foreign corporation with its place of business located at 995841 Mono-Adjala Townline, RR1, Rosemont, Ontario, Canada L0N1R0 and/or 1-3510 Pharmacy Avenue, Toronto, Ontario, Canada M1W 2T7.

7. Upon information and belief, Interspec is successor in interest to Alspec.

8. Upon information and belief, Interspec and Alspec are undercapitalized, drawing on VDF's capital to meet their debts, liabilities, and obligations.

9. Upon information and belief, Interspec, Alspec, and VDF share common operational control, and all three have a common principal, Gregor Vahramian ("Vahramian").

10. Upon information and belief, Interspec, Alspec, and VDF operate and/or have operated out of a single location.

11. Upon information and belief, Interspec, Alspec, and VDF are alter-egos of one another.

12. Upon information and belief, Interspec, Alspec, and VDF (collectively, "Alspec") are not truly distinct from one another.

**FACTS COMMON TO ALL CAUSES OF ACTION**

13. Upon information and belief, on or about May 6, 2019, Certified, as subcontractor, and Alspec, as vendor, entered into an agreement (the "Contract"), whereby Alspec agreed to furnish certain materials, equipment, and services — including, without limitation, the design, manufacture, and provision of certain metal paneling and guardrails (the "Materials") — to Certified in connection with a public construction and improvement project known as "City University of New York Queensborough Community College Performing Arts Center ADA Reconstruction and Associated Asbestos Abatement"; DASNY Solicitation No. 3090409999/CR8 (the "Project").

14. Certified performed each and every obligation on its part to be performed with regard to the Contract and the Project, excepting those waived and/or prevented by Alspec.

15. Alspec failed to satisfy its obligations under the Contract, including but not limited to failing to timely deliver Materials that conformed to the requirements of the Contract and Project.

16. As of April 14, 2022, Alspec had only provided a small portion of the Materials required under the Contract, at least some of which have been found to be non-conforming.

17. Accordingly, on April 14, 2022, Certified served correspondence on Alspec, wherein it, among others, (1) demanded that Alspec remedy its defaults under the Contract; and (2) provide adequate assurances of its ability to performance in accordance with the Contract.

18. Alspec failed to remedy its defaults under the Contract.

19. Alspec failed to provide adequate assurances of its ability to perform in accordance with the Contract.

20. By virtue of such failures, a replacement vendor had to be hired to progress, repair and perform the work Alspec was obligated to perform under the Contract (the "Correction and Completion Work").

21. As of the date of this Complaint, Certified has incurred a cost of no less than $321,889.00 in connection with the Correction and Completion Work.

22. Certified expects that the cost of the Correction and Completion Work may ultimately be greater.

23. Certified has in turn issued certain Credit Change Orders to Alspec, reflecting a reduction in the Contract's value (the "Credit Change Orders").

24. Upon information and belief, despite having actually received the Credit Change Orders, Alspec has not objected thereto.

25. Certified has likewise issued Alspec correspondence, dated September 8, 2022, October 4, 2022, and November 7, 2022 (collectively, Certified's "Demands for Payment"), wherein it has demanded that Alspec make payment to Certified in an amount not less than $173,512.78 — which is reflective of the value of the Contract, less payments made to Alspec thereunder, less the cost Certified has incurred in connection with the Correction and Completion Work.

26. Upon information and belief, despite having actually received Certified's Demand Letters, Alspec has not objected nor otherwise responded thereto.

## AS AND FOR A FIRST CAUSE OF ACTION
### (FOR BREACH OF CONTRACT)

27. Certified repeats and realleges each and every allegation set forth in Paragraphs "1" through "26" of this Complaint as if fully set forth herein.

28. Through the Contract, Certified and Alspec became parties to a written agreement.

29. Notwithstanding Certified's multiple attempts to secure Alspec's full and timely performance under the Contract, Alspec's performance under the Contract was untimely, defective, and incomplete.

30. Alspec's untimely, defective, and incomplete performance under the Contract represent material breaches of the Contract.

31. As incident to said breaches, Certified has been damaged in an amount that continues to accrue, but is, as of the date of this Complaint, not less than $173,512.78.

32. The aforementioned $173,512.78 in damages represents amounts in excess of those amounts that, but for its material breaches of the Contract, might otherwise be due to Alspec.

33. By reason of the foregoing, Alspec is indebted to Certified in a sum to be determined at trial, but in no event less than $173,512.78, together with interest thereon.

## AS AND FOR A SECOND CAUSE OF ACTION
### (ACCOUNT STATED)

34. Certified repeats and realleges each and every allegation set forth in Paragraphs "1" through "33" of this Complaint as if fully set forth herein.

35. An account — *i.e.*, the Credit Change Orders and Demands for Payment — was stated by and between Certified and Alspec for the sum of at least $173,512.78, without objection.

36. Despite due demand therefor, Alspec has failed to make full payment to Certified for said account, leaving the sum of at least $173,512.78 due and owing to Certified.

37. By reason of the foregoing, Alspec is indebted to Certified in a sum to be determined at trial, but in no event less than $173,512.78, together with interest thereon.

**AS AND FOR A THIRD CAUSE OF ACTION**
**(UNJUST ENRICHMENT)**

38. Certified repeats and realleges each and every allegation set forth in Paragraphs "1" through "37" of this Complaint as if fully set forth herein.

39. Certified retained Alspec to design, manufacture and furnish certain materials in connection with the Project, and made payment to Alspec in connection therewith.

40. Alspec failed to timely and properly perform, causing damage to Certified in a sum to be determined at trial, but in no event less than $173,512.78, together with interest thereon.

41. It would be against equity and good conscience to permit Alspec to retain not less than $121,623.78 of the payments Certified made to it, in light of (1) Alspec's failure to render the labor, materials, equipment, and services it was retained to perform and furnish, and (2) the damage such failure caused to Certified.

42. By reason of the foregoing, Alspec has been unjustly enriched in an amount not less than $121,623.78.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**(FOR DELAY DAMAGES)**

43. Certified repeats and realleges each and every allegation set forth in Paragraphs "1" through "42" of this Verified Complaint as if fully set forth herein.

44. Time was a material term of the Contract.

45. Alspec's breach of the Contract represented a significant time impact to Certified's achievement of substantial completion at the Project.

46. By virtue of delays associated with Alspec's acts and omissions, Certified has, and upon information and belief, will continue, to suffer damages.

47. By reason of the foregoing, Alspec is indebted to Certified in a sum to be determined at trial, but in no event less than $173,512.78, together with interest thereon.

**WHEREFORE**, plaintiff Certified Interiors, Inc. demands judgment as follows:

(1) As and for the First, Second, and Fourth Causes of Action, in favor of plaintiff Certified Interiors, Inc. and as against defendants Alspec Industries Limited, Interspec Systems Limited, and VDF Vertical, jointly and severally, in a sum to be determined at trial, but in no event less than $173,512.78, together with interest thereon as well as attorney's fees; and

(2) As and for the Third Cause of Action, in favor of plaintiff Certified Interiors, Inc. and as against defendants Alspec Industries Limited, Interspec Systems Limited, and VDF Vertical, jointly and severally, in a sum to be determined at trial, but in no event less than $121,623.78, together with interest thereon as well as attorney's fees; and

(3) For the costs and disbursements of this action, together with such other and further relief as the court deems just, proper and equitable.

Dated:   Mineola, New York
         November 18, 2022

[*Space Intentionally Omitted; Signature Block on Page to Follow*]

**MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP**
*Attorneys for Plaintiff Certified Interiors, Inc.*

By: _____
      Manny A. Frade, Esq.
      Adam P. Wald, Esq.
190 Willis Avenue
Mineola, New York 11501
(516) 747-0300