```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
CERTIFIED INTERIORS, INC.,

                              Plaintiff,           REPORT AND
                                                   RECOMMENDATION
        -against-                                  22-CV-7043
                                                   (GRB)(SIL)
ALSPEC INDUSTRIES LIMITED,
INTERSPEC SYSTEMS LIMITED,
and VDF VERTICAL,


                              Defendants.
---------------------------------------------------------------x
```

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court in this diversity-breach of contract action, on referral from the Honorable Gary R. Brown for Report and Recommendation, is Plaintiff Certified Interiors, Inc.'s ("Plaintiff" or "CII") motion to: (i) strike Defendants VDF Vertical's ("VDF"), Interspec Systems Limited's ("Interspec"), and Alspec Industries Limited's ("Alspec") (collectively, "Defendants") Answer; (ii) enter a default judgment against Defendants; and (iii) award CII costs and attorneys' fees to date. *See* Plaintiff's Motion ("Plaintiff's Motion" or "Pl. Mot."), DE [60].

By way of Complaint dated November 18, 2022, Plaintiff commenced this action alleging that Alspec and its alter egos, Interspec and VDF, breached a contract with CII related to a public construction and improvement project. *See* Complaint ("Compl."), DE [1]. Defendants answered on February 6, 2023. *See* Answer, DE [11]. Subsequently, Defendants failed to appear for three consecutive status conferences on July 15, August 1, and August 13, 2024, and were warned each time that a

continued failure to appear could result in their Answer being stricken. *See* Minute Orders, DEs [50], [54], [57]. CII filed a letter motion for a pre-motion conference on September 16, 2024, which the Court construed as Plaintiff's Motion. *See* DE [60]; Elec. Order dated Sept. 16, 2024. For the reasons set forth herein, the Court respectfully recommends granting CII's motion to strike the answer, and denying Plaintiff's motions for a default judgment and for costs and attorneys' fees without prejudice and with leave to renew.

## I. PLAINTIFF'S MOTION TO STRIKE THE ANSWER

### a. *Legal Standards*

Under Federal Rules of Civil Procedure 16(f)(1)(A) and 37(b)(2)(A)(iii), a court may sanction a party by striking its pleadings if that party fails to appear at a scheduling or other pretrial conference. *See Muller v. NYC Motorcars of Freeport Corp.*, No. 2:20-CV-1497 (NJC)(LGD), 2024 WL 3431957, at *5 (E.D.N.Y. July 16, 2024). "[U]se of the most severe sanctions should be limited to cases involving willfulness, bad faith, or fault on the part of the non-compliant party." *Victoriano Gonzalez v. Victoria G's Pizzeria LLC,* No. 19-CV-6996, 2021 WL 6065744, at *2 (E.D.N.Y. Dec. 22, 2021), *report and recommendation adopted*, 2022 WL 842666 (E.D.N.Y. Mar. 22, 2022) (citation omitted). Courts evaluating whether striking pleadings is an appropriate sanction consider: (i) whether the party's actions have been willful; (ii) whether lesser sanctions would be effective; (iii) the duration of noncompliance; and (iv) whether the noncompliant party has been warned that its pleadings may be struck. *See Xin Hao Liu v. Millenium Motors Sports, LLC*, No. 17-

CV-6438 (RPK)(RER), 2020 WL 7028924, at *3 (E.D.N.Y. Nov. 5, 2020), *report and recommendation adopted*, No. 17-CV-6438, 2020 WL 7024378 (E.D.N.Y. Nov. 30, 2020) (citation omitted). "Willfulness is typically inferred from the violation of multiple court orders." *Icon Int'l, Inc. v. Elevation Health LLC*, 347 F.R.D. 274, 288 (S.D.N.Y. 2024) (citation omitted).

### b. Discussion

Here, the Court concludes that striking Defendants' answer is appropriate. Initially, as explained above, Defendants failed to appear for three consecutive status conferences on July 15, August 1, and August 13, 2024, and have not appeared or filed anything since. *See* Minute Orders, DEs [50], [54], [57]. Defendants also do not oppose Plaintiff's Motion. Accordingly, the Court concludes that Defendants' noncompliance is willful. *See Icon Int'l, Inc.*, 347 F.R.D. at 288. Next, the Court has no reason to believe lesser sanctions would be effective. By failing to participate in litigation since June 11, 2024, *see* DE [45], Defendants have abandoned their defense of this case, and so this factor weighs in favor of striking their Answer. *See United States v. Real Prop. & Premises Located at 26421 Riverrock Way, Santa Clarita, California 91350-3995, & All Proceeds Traceable Thereto*, No. 15-CV-6762 (ARR)(RML), 2022 WL 2466833, at *3 (E.D.N.Y. May 20, 2022) (collecting cases). Further, Defendants have been noncompliant for four months, since their first missed conference on July 15, 2024, *see* Minute Order, DE [50], supporting striking the Answer. *See Loc. Union No. 40 of the Int'l Ass'n of Bridge v. Car-Wi Const.*, 88 F. Supp. 3d 250, 265 (S.D.N.Y. 2015) (citing, *inter alia, Embuscado v. DC Comics*, 347

3

Fed.Appx. 700, 701 (2d Cir. 2009)) ("[D]urations of time as brief as a few months have been held to weigh in favor of dispositive sanctions."). Finally, Defendants were warned three times that such sanctions were possible. *See* Minute Orders, DEs [50], [54], [57]. For these reasons, the Court recommends striking Defendants' Answer.

## II.   PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

### a. *Legal Standards*

Motions for default judgment are governed by Fed. R. Civ. P. 55, which provides for a two-step process. *See* Fed. R. Civ. P. 55; *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504-05 (2d Cir. 2011). Initially, the moving party must obtain a certificate of default from the Clerk of the Court. *See* Fed. R. Civ. P. 55(a). Once the certificate of default is issued, the moving party may apply for entry of a default judgment. *Id.* at 55(b). Where a default occurs, the well-pleaded factual allegations set forth in a complaint relating to liability are deemed true. *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004); *see* Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied.").

### b. *Discussion*

Here, although a default judgment may eventually be appropriate, the Clerk of the Court has not yet entered a Certificate of Default as required pursuant to Fed R. Civ. P. 55(a), nor has CII requested entry of a Certificate of Default from the Clerk of the Court. As the entry of a Certificate of Default is a prerequisite to obtaining a default judgment, the Court respectfully recommends that this portion of Plaintiff's

4

Motion be denied without prejudice and with leave to renew upon entry of a Certificate of Default, in the event that the District Judge adopts the Court's recommendation to strike the Answer. *See Freedom Mortgage Corp. v. Monteleone*, No. 19-CV-1410 (FB)(SJB), 2023 WL 4397222, at *2 (E.D.N.Y. June 16, 2023) (denying motion for default judgment where the Clerk of the Court did not enter a Certificate of Default); *Charber Consultants, LLC v. G.O.A.T.S. Prods., LLC*, No. 22-CV-6045 (NSR), 2023 WL 3848335, at *1 (S.D.N.Y. Apr. 6, 2023) (denying motion for default judgment without prejudice where the plaintiff had not obtained a Clerk's Certificate of Default); *Grazette v. Rockefeller*, No. 20-CV-965 (AJN)(SLC), 2022 WL 252631, at *2 (S.D.N.Y. Jan. 26, 2022) (denying the plaintiff's motion for default judgment where the plaintiff failed to obtain a Certificate of Default from the Clerk of the Court); *Bastien v. Samuels*, No. 14-CV-1561 (JFB)(AKT), 2014 WL 5306016, at *6 (E.D.N.Y. Oct. 15, 2014) ("The Court denies plaintiff's motion for a default judgment because plaintiff has not obtained an entry of default.").

### III. PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

#### *a. Legal Standards*

Under Fed. R. Civ. P. 16(f)(2), in addition to any other sanction, a court must order a noncompliant "party, its attorney, or both to pay the reasonable expenses—including attorneys' fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2). "The party seeking an award of fees has the obligation to submit contemporaneous time records that specify, for each

5

attorney, the nature of the work done, the hours expended, and the dates." *McFarlane v. Harry's Nurses Registry*, No. 17-CV-6350 (PKC)(PK), 2021 WL 2646327, at *3 (E.D.N.Y. June 28, 2021) (citing *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147–48 (2d Cir. 1983)).

### b. Discussion

Here, CII has not submitted "contemporaneous time records" to support its request for an attorneys' fees award, nor has it enumerated the costs expended on this action to date. Without such documentation, its motion is premature. *See, e.g., Scott v. City of New York*, 626 F.3d 130, 134 (2d Cir. 2010); *Nicole H. v. Comm'r of Soc. Sec.*, No. 22-CV-830 (FPG), 2024 WL 2029970, at *2 (W.D.N.Y. Apr. 12, 2024); *Miller v. Haredim Consulting Inc.*, No. 19-CV-1474 (GTS)(DJS), 2020 WL 5035830, at *6 (N.D.N.Y. Aug. 26, 2020). Accordingly, the Court recommends denying Plaintiff's motion for attorneys' fees and costs without prejudice and with leave to renew, accompanied by appropriate documentation.

## IV. CONCLUSION

For the reasons set forth above, the Court respectfully recommends granting CII's motion to strike the answer and denying Plaintiff's motions for a default judgment and for costs and attorneys' fees without prejudice and with leave to renew.

## V. OBJECTIONS

A copy of this Report and Recommendation is being served on Plaintiff electronic filing on the date below. CII must promptly serve a copy of this Report and Recommendation on Defendants at their last known address and file proof of service on the docket. Any objections to this Report and Recommendation must be filed with

the Clerk of the Court within fourteen days.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d).  Failure to file objections within this period waives the right to appeal the District Court's Order.  *See Ferrer v. Woliver*, No. 05-CV-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:   Central Islip, New York
         November 20, 2024

/s/ Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge